**Anthony NEWELL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky,
Appellee.**

Supreme Court of Kentucky.

April 1, 1977.

Terrence R. Fitzgerald, Deputy Public Defender, Pamela M. Greenwell, Asst. Dist. Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Deedra Benthall-Nietzel, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Anthony Newell was found guilty of robbery in the first degree, KRS 515.020, and wanton endangerment in the first degree, KRS 508.060, and in the second stage of a bifurcated trial was convicted as a persistent felony offender, KRS 532.080, and was sentenced to life imprisonment and to twenty years' imprisonment. Newell appeals. We affirm.

Two men committed an armed robbery at Cotton's Bar in Louisville. Ernest Bryant was wounded, not seriously, by a shot fired by Newell. A police officer displayed a photographic album to Bryant, who identi-

fied a photograph of Walter Simpson as one of the robbers. The police officer proceeded to an address in Louisville and arrested Walter Simpson. Newell was with Simpson and was also arrested. Later that day, Simpson and Newell were placed in a lineup and identified by Ernest Bryant.

During the course of the trial, the Commonwealth introduced, over Newell's objection, a photograph of Simpson.

Newell asserts error in (1) the introduction of the photograph into evidence; (2) the cross-examination of a defense witness; (3) closing argument of the Commonwealth; and (4) denial of a new trial due to the failure of the Commonwealth to prove that Newell was eighteen years of age at the time the first offense was committed.

Newell argues that the introduction of the photograph deprived him of the constitutional presumption of innocence by casting him as the companion of a known criminal.

We are not favored with any authority to support this novel argument, instead Newell cites authorities involving "mug shots" of appellants being introduced into evidence. We can only say that these authorities do not support Newell's argument and that in the case law on the subject some instances resulted in reversal, some in the convictions being affirmed, depending on the circumstances in each case.

Here, there was no mention of Newell in connection with the photograph. The Commonwealth did not dwell on the subject of the photograph or mention any criminal connotation.

We are of the opinion the introduction of the photograph of Simpson did not deprive Newell of the presumption of innocence, nor did it prejudice him in his right to a fair trial.

The cross-examination complained of consisted of the Commonwealth's attorney asking a defense witness if Newell had given her rings taken in the robbery. The witness denied any knowledge of the rings. The son of the witness was also asked if his mother had received the stolen rings and also denied any knowledge of the rings.

No objections were made to the questions, thus the issue is not preserved for appellate review.

From our review of the record, we cannot see any point to the questions, the subject was not unduly pursued by the Commonwealth, and Newell does not even pretend to argue that these questions were so prejudicial to him that they should be considered in the absence of an objection.

Newell complains of three portions of the argument made by the Commonwealth at the trial of the principal charges. There was no objection on two of the statements, so we will not consider them as error. We do observe that these portions of the argument are pointless, not appropriate to the facts adduced in the trial of the case and cause us to wonder why the Commonwealth's attorney would flirt with reversal when he had a strong case for the jury without engaging in pointless histrionics.

The third statement complained of is as follows: "We didn't commit Anthony Newell to the life of crime that he has obviously undertaken." There was an objection interposed to this statement. The trial court stopped this line of argument, and the Commonwealth then proceeded to argue the evidence of the case. Newell did not ask for an admonition or move for a mistrial. In this posture, even though the statement exceeded any reasonable inferences to be drawn from the evidence, we will not consider whether the statement was so prejudicial to Newell that he should be granted a new trial. Newell apparently did not consider it prejudicial as he argues only as to the statements to which there were no objections.

During the persistent felony offender stage of the bifurcated trial, the Commonwealth proved a prior judgment of conviction on May 20, 1965, with a sentence of one year, and a prior judgment of conviction entered June 2, 1970, with a sentence of twenty years. The Commonwealth established Newell's birth date as February

23, 1945, and established his age at the time of the first conviction as twenty years and twenty-five years at the time of the second conviction. Further, the Commonwealth established Newell's age at the time of the commission of the second offense, but failed to introduce evidence to prove the date of the commission of the first offense in order to satisfy the requirement of KRS 532.-080(2)(b) that the offender was over the age of eighteen when the offenses were committed. This plain failure of the Commonwealth to prove a case under the persistent felony offender statute was not preserved for appellate review. Newell did not move for a directed verdict at the close of the evidence; thus, he waived the insufficiency of the evidence by his failure to ask for a peremptory instruction. Cf. *Cox v. City of Louisville,* Ky., 439 S.W.2d 51 (1969).

Further, Newell did not object to the instructions. RCr 9.54(2) provides:

"No party may assign as error the giving or failure to give an instruction unless he has fairly and adequately presented his position by an offered instruction or by motion, or unless he makes objection before the court instructs the jury, stating specifically the matter to which he objects and the ground or grounds of his objection."

Proof that a defendant was over the age of eighteen at the time of the commission of the prior felony offense is an essential element of the persistent felony offender statute, but a failure of such proof may be waived by not directing the attention of the trial court to the omission by appropriate objections.

The judgment is affirmed.

All concur.